**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-3244

———————

DIONE LUIZ DA CUNHA;
DANIELE MAIARA RIBEIRO;
M.R.C.,
            Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A220-642-808)
(A220-642-809)
(A220-642-810)
Immigration Judge: Steve Mannion

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
(January 23, 2025)

Before: HARDIMAN, AMBRO, and SMITH, *Circuit Judges*

(Filed: January 31, 2025)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*

Dione Luiz da Cunha seeks review of a Board of Immigration Appeals decision dismissing an oral decision of an Immigration Judge denying his application for asylum and withholding of removal. We will deny the petition.[1]

I

A native and citizen of Brazil, Luiz da Cunha entered the United States unlawfully in 2021. After the Department of Homeland Security served him with a notice to appear, he conceded removability and, as relevant here, applied for asylum and withholding of removal.

In support of his application, Luiz da Cunha testified that he owned a produce delivery business in Brazil. One morning while Luiz da Cunha was making deliveries, two unknown men threatened, pistol-whipped, and robbed him. Luiz da Cunha filed a police report, but the authorities never found the perpetrators or the stolen money.

Fearing more robberies, Luiz da Cunha ceased delivering produce in the area where the theft had taken place. Several months later, Luiz da Cunha thought his vehicle was being followed by the robbers, so he pulled over and the vehicles passed him. After these incidents, Luiz da Cunha became depressed and anxious, and his business suffered. As he went deeper into debt, he began to receive threats from creditors but did not report them to the police. Eventually, Luiz da Cunha shut down the business and left with his family for the United States.

---

[1] Luiz da Cunha's wife and minor child are listed as derivative beneficiaries of his asylum claim, so our decision applies to them also. *See* 8 U.S.C. § 1158(b)(3)(A).

Luiz da Cunha testified to the Immigration Judge that he suffered and feared

persecution on account of his membership in six particular social groups (PSGs). They

included Brazilian men who: are small business owners and those indebted to private

creditors; are traveling salesmen; own a truck; and witness and oppose criminal activity.

He believed that if he went back to Brazil, his creditors might kill him.

The IJ rejected Luiz da Cunha's application, citing four independent reasons. First,

he suffered harm from private individuals but failed to establish that the Brazilian

government was unable or unwilling to protect him. Second, neither the robbery nor

creditors' threats constituted past persecution. Third, his proposed PSGs were not

cognizable. Fourth, his fear of future persecution was not well-founded.

Luiz da Cunha appealed to the Board. He argued that the IJ erred in finding the

putative PSGs were not cognizable and that he had not proven past persecution or a well-

founded fear of future persecution by those groups.

The Board dismissed the appeal and adopted the IJ's decision. It emphasized that

Luiz da Cunha had neither suffered harm rising to the level of persecution nor asserted a

cognizable PSG and therefore could not establish a nexus between the putative

persecution or fear of future persecution and a protected ground. This petition for review

followed.

II[2]

Luiz da Cunha's petition fails at the outset for a procedural reason. As noted, the

---

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(1). The Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3) and 8 C.F.R. § 1240.15.

IJ found that Luiz da Cunha failed to establish one of the requirements for past persecution: that the Brazilian government is unable or unwilling to protect him from harm. *See Galeas Figueroa v. Att'y Gen.*, 998 F.3d 77, 86 (3d Cir. 2021). But Luiz da Cunha did not challenge the IJ's finding on that point before the BIA. So he failed to exhaust his claim. *See* 8 U.S.C. § 1252(d)(1).

Apart from Luiz da Cunha's failure to exhaust, substantial evidence supports the IJ's and Board's findings that (1) his harms did not rise to the level of persecution or support a well-founded fear of future persecution and (2) he is not a member of a cognizable PSG. *See Thayalan v. Att'y Gen.*, 997 F.3d 132, 137–38 (3d Cir. 2021).

A single act of robbery by unknown assailants, the belief that he was once followed by thieves, and vague threats for not paying his debts do not amount to past persecution or support an objectively reasonable fear of future persecution. *See Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005). Those isolated incidents, while unfortunate, fall well short of the types of persecution faced by the asylum seekers in the cases Luiz da Cunha cites. *See Chavarria v. Gonzalez*, 446 F.3d 508, 521 (3d Cir. 2006) (paramilitaries made death threats to the asylum applicant who had intervened in their assault on a human rights worker); *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 342–43 (3d Cir. 2008) (an eight-day abduction and confinement by a guerilla group). So the agency did not err when it found Luiz da Cunha failed to meet this burden.

Nor did the agency err when it held that Luiz da Cunha's six proposed PSGs were not cognizable because they lack the requisite particularity and common immutable characteristics. *See S.E.R.L. et al. v. Att'y Gen.*, 894 F.3d 535, 544 (3d Cir. 2018). His

analogy to the cognizable PSG in *Guzman Orellana v. Att'y Gen.*—a group of witnesses who publicly assisted law enforcement against major Salvadoran gangs—is inapt. Unlike that group, his putative PSGs do not have "definable boundaries . . . sufficient to satisfy the particularity requirement." 956 F.3d 171, 179 (3d Cir. 2020) (cleaned up). Absent membership in a cognizable PSG, he cannot establish eligibility for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); § 1231(b)(3)(C) (withholding of removal); *see also S.E.R.L.*, 894 F.3d at 544.

\* \* \*

For the reasons given, we will deny the petition.